UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIELLE RICHARD, an individual,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>CARSON TAHOE REGIONAL<br>HEALTHCARE, a Nevada not for profit<br>corporation,<br><br>　　　　　　　　Defendant. | Case No. 3:12-cv-00423-MMD-WGC<br><br>ORDER<br><br>(Def's Motion for Summary Judgment –<br>dkt. no. 21; Plf's Motion to Extend Time<br>(Fourth Request) – dkt. no. 28) |

**I.　SUMMARY**

Before the Court is Defendant Carson Tahoe Regional Healthcare's Motion for Summary Judgment (dkt. no. 21), and Plaintiff's Motion to Extend Time regarding dispositive matter (Fourth Request) (dkt. no. 28). For the reasons discussed below, both motions are granted.

**II.　BACKGROUND**

The Complaint alleges the following. Plaintiff was employed by Defendant as a Charge Nurse and was terminated on April 11, 2012. Plaintiff complained that the manner in which the staffing occurred at the hospital prevented the taking of mandatory breaks, and suggested staffing changes to fix the problem. Plaintiff was terminated because of her complaints and Defendant used prior incidents as pretext. The Complaint asserts two causes of action: (1) retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215; and (2) tortious discharge.

Defendant moved for summary judgment on June 14, 2013. (Dkt. no. 21.) Plaintiff's opposition was due by July 8, 2013, but the parties stipulated to extend the

deadline to July 22, 2013. (Dkt. no. 23.) Plaintiff did not file an opposition by the deadline and Defendant notified the Court of Plaintiff's non-opposition on July 24, 2013. (Dkt. no. 24.) Plaintiff moved for a retroactive extension of time on August 8, 2013. (Dkt. no. 25) In that motion, Plaintiff's counsel represented to the Court that he had intended to seek an extension of time to August 8, 2013, and had mistakenly calendared the deadline accordingly. He represented that he was on vacation until August 3, 2013, and didn't notice the missed deadline until he returned to office on August 6, 2013. Lastly, Plaintiff's counsel represented that Plaintiff does have an opposition to make, and that an "initial draft" was prepared prior to Plaintiff's counsel's departure on vacation. (*Id.* at 2.) The Court granted an extension of the deadline to August 16, 2013, but noted that it found Plaintiff's counsel's explanation "suspect." (Dkt. no. 27.) The Court, however, wanted to ensure "fair presentation of the issues that may be case dispositive." (*Id.*)

On August 15, 2013, Plaintiff again moved for an extension of time to file an opposition to the Motion for Summary Judgment. Plaintiff's motion, which is now pending before the Court, seeks to extend the deadline to August 29, 2013. (Dkt. no. 28.) Plaintiff filed an opposition to the Motion for Summary Judgment on August 29, 2013 (dkt. no. 29), and Defendant filed a reply (dkt. no. 30), which, in part, argues that Plaintiff's opposition is untimely.

The Court now addresses Plaintiff's Motion to Extend Time (dkt. no. 28) and Defendant's Motion for Summary Judgment (dkt. no. 21).

III. DISCUSSION

    A.    **Plaintiff's Motion to Extend Time**

Plaintiff's motion states that Plaintiff's counsel began a two-week bench trial on Monday, August 12, 2013, and therefore needs an extension until August 29, 2013, in order to file an opposition to Defendant's Motion for Summary Judgment. Once again, the Court finds Plaintiff's counsel's representations to be suspect. On Thursday, August 8, 2013, Plaintiff's counsel asked for the deadline to be moved to August 16, 2013, just four (4) days after Plaintiff's counsel was apparently scheduled to begin a two-week

bench trial. The Court fails to understand why Plaintiff's counsel selected August 16, 2013, when he knew that he would still be participating in a bench trial. Why wouldn't counsel request a longer extension to allow time for the busy trial period? Further, Plaintiff's counsel previously represented that he had prepared an "initial draft" of Plaintiff's opposition prior to departing for vacation on July 22, 2013. (Dkt. no. 25 at 2.) With an initial draft already completed, the Court struggles to understand why Plaintiff's counsel was unable to finish the opposition before his two-week bench trial began on August 12, 2013.

Nevertheless, given the fact that Plaintiff's counsel was participating in a busy trial before and during the deadline, and given the Court's interest in resolving a dispositive motion on the merits, the Court will grant the extension.

### B. Defendant's Motion for Summary Judgment

#### 1. Legal Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (*citing* Fed. R. Civ. P. 56(c)). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c).

    2.    **Analysis**

        a.    **Fair Labor Standards Act**

29 U.S.C. § 215(a)(3) provides that it is unlawful for an employer to discharge or discriminate against an employee because that employee filed a complaint with, or instituted proceedings against, the employer. "In order for [Plaintiff's] complaints to be protected under the FLSA, the complaints must specifically concern FLSA violations and must be directly communicated to the employer." *Hardwick v. Complete Skycap Serv., Inc.*, 247 F. App'x 42, 44 (9th Cir. 2007) (citing *Lambert v. Ackerley*, 180 F.3d 997, 1007–08 (9th Cir. 1999) (en banc)). "[N]ot all amorphous expressions of discontent related to wages and hours constitute complaints filed within the meaning of § 215(a)(3)." *Lambert*, 180 F.3d at 1007.

The Complaint alleges that Defendant failed "to provide breaks as required by . . . federal law." (Dkt. no. 1 at ¶4.) Defendant argues that the FLSA does not provide for breaks, and Plaintiff does not contest that argument. Instead, Plaintiff asserts in her

opposition that her complaints "concerned failure to compensate for break time that is worked."[1] (Dkt. no. 29 at 2.)

Plaintiff's characterization of her complaints is unsupported by facts in the record. Plaintiff does not mention the alleged failure to compensate in her Complaint, deposition testimony, or her declaration submitted to the Court. The Complaint describes Plaintiff's complaints as regarding "the failure of Defendant to provide breaks" and staffing issues that "prevented the taking of breaks." (Dkt. no. 1 at ¶4.) When asked why she was terminated, Plaintiff testified that she participated in discussions with other Charge Nurses and her supervisor in the two years leading up to her termination regarding "number one, that the staffing was getting unsafe, [and] number two [that the staffing] did not allow for people to take breaks." (Dkt. no. 21-2, Ex. 1 at 63:22-65:4.) She testified that employees were able to take 15-minute breaks, but rarely able to take 30-minute breaks. (*Id.* at 83:21-85:2.) Plaintiff's declaration attached to her opposition states that "Defendant terminated my position because I had complained about the failure of Defendant to provide breaks" and "[t]he staffing levels Defendant maintained prevented breaks." (Dkt. no. 29-1, Decl. of Plaintiff at 1.) Plaintiff's characterization of her complaints in her opposition brief is thus not supported by the undisputed facts in the record.

Nor is there any evidence that Plaintiff was not properly compensated for working through meal breaks. A declaration by Nona Toledo, payroll specialist for Defendant, states that, pursuant to Defendant's timekeeping policy, employees are required to indicate on their timesheets when they do not take a meal break so that the timesheets are an accurate reflection of time worked. (Dkt. no. 21-12, Decl. of Nona Toledo at ¶3.) Plaintiff was aware of this policy and complied with it. (*Id.* at ¶4.) Plaintiff thus indicated

---

[1] Indeed, pursuant to regulations created under the FLSA, non-exempt employees such as Plaintiff must be paid for hours worked, 29 C.F.R. § 785.1, employers must make sure that non-exempt employees only work hours for which they will be compensated, 29 C.F.R. § 785.13, and a non-exempt employee must be completely relieved of duty during the employee's meal breaks, 29 C.F.R. § 785.19.

when she worked instead of taking a meal break. Pursuant to Defendant's collective bargaining agreement with the Charge Nurses, employees who work through their meal break are paid for the meal period. (See dkt. no. 21-6, Ex. C at CTRH0247.) There is no evidence that Plaintiff was not paid for working through meal breaks.

Plaintiff has not set forth any specific facts that create a genuine issue of material fact as to whether Plaintiff's complaints concern FLSA violations. Plaintiff has not identified any facts in the record to support her assertion that her complaints were about the lack of compensation for time worked. The evidence in the record indicates that Plaintiff's complaints were about staffing issues that made it difficult for employees to take breaks. These complaints do not appear to relate to any of the FLSA provisions and therefore summary judgment will be granted as to the FSLA claim. See Hardwick, 247 F. App'x at 44 (affirming district court's granting summary judgment where plaintiffs "did not cite any evidence suggesting that they engaged in activities protected under the FLSA").

### b.     Tortious Discharge

As the Nevada Supreme Court has explained, "[a]n employer commits a tortious discharge by terminating an employee for reasons [that] violate public policy." D'Angelo v. Gardner, 107 Nev. 704, 712 (Nev. 1991). The Nevada Supreme Court does not recognize tortious discharge actions by at-will employees except in "those rare and exceptional cases where the employer's conduct violates strong and compelling public policy." Wayment v. Holmes, 112 Nev. 232, 236 (1996) (citations omitted). Not all terminations contrary to public policy necessarily implicate a "strong and compelling public policy." See, e.g., Sands Regent v. Yalgardson, 777 P.2d 898, 899 (Nev. 1989) (finding that Nevada has a public policy against age discrimination but that it is not sufficiently "strong or compelling"). Recovery for tortious discharge is not permitted under Nevada law where there are mixed motives for the termination. Allum v. Valley Bank of Nev., 970 P.2d 1062, 1066 (Nev. 1998). The protected activity must have been the sole proximate cause of the termination. Id.

///

Based on the record and evidence before it, the Court cannot conclude that there is a genuine issue of material fact regarding the determination of whether Plaintiff's complaints were the sole proximate cause of her termination. One of the reasons for her termination, set out in her termination memo, is that on March 26, 2012, Plaintiff reported to work one hour late and failed to show on her timecard that she was late for her shift, despite having confirmed that she reviewed the timecard for accuracy on April 2, 2012. (Dkt. no. 21-11, Ex. A.) Carie Wilkens, Director of Human Resources for Defendant, stated in her declaration that "[s]ubmitting false time records" is a terminable infraction on its own because "it falls within the categories of theft, dishonesty, and falsification of records." (Dkt. no. 21-10, Decl. of Carie Wilkens at ¶5.) Defendant's disciplinary action policy confirms that incidents of theft, dishonesty and falsification of records are major infractions, and violators are subject to termination without warning or suspension. (See dkt. no. 21-11, Ex. B at CTRH0127.) On April 10, 2012, Plaintiff was asked about her misconduct and admitted that she came into work late on March 26, 2012, and failed to reflect her arrival time on her timecard. (Dkt. no. 21-3, Decl. of Shelly Koontz at ¶27.) In her deposition, Plaintiff confirmed that she had admitted to being late on March 26, 2012, acknowledged that it was her responsibility to make sure her timecard was accurate and testified that she failed to make adjustments for being late that day. (See dkt. no. 21-2, Ex. 1 at 53–55.) In her declaration, Plaintiff does not deny that she was late on March 26, 2013, or that she failed to submit an accurate time record for that day. It is thus uncontroverted that Plaintiff committed a violation for which she could have been terminated and that said violation was presented to Plaintiff as grounds for her termination. Further, there was no delay in Defendant's investigation and decision to terminate. Plaintiff was terminated on April 11, 2012 (dkt. no. 21 at 11), nine (9) days after Plaintiff approved the inaccurate timesheet. Plaintiff asserts, and Defendant agrees, that Plaintiff ceased making complaints nearly eight (8) months before she was terminated. (See dkt. no. 21 at 15–16; dkt. no. 29 at 3.)

///

Based on the foregoing, the Court finds that Plaintiff has not provided evidence to create a genuine dispute as to whether Plaintiff's complaints were the sole, proximate cause of Plaintiff's termination. The evidence, uncontested by Plaintiff, shows that Plaintiff approved and submitted an inaccurate timesheet and that such an action was grounds for termination. At best, therefore, Plaintiff was terminated for mixed motives and cannot recover under a tortious discharge theory.

### IV. CONCLUSION

It is therefore ordered that Defendant's Motion for Summary Judgment (dkt. no. 21) is granted.

It is further ordered that Plaintiff's Motion to Extend Time (Fourth Request) (dkt. no. 28) is granted.

DATED THIS 25th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE