FILED

MAR 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIELLE RICHARD,<br><br>            Plaintiff - Appellant,<br><br>   v.<br><br>CARSON TAHOE REGIONAL HEALTHCARE,<br><br>            Defendant - Appellee. | No. 14-15568<br><br>D.C. No. 3:12-cv-00423-MMD-WGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted February 12, 2016[**]
San Francisco, California

Before: NOONAN and MURGUIA, Circuit Judges and MURPHY,[***] District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Danielle Richard appeals the district court's order granting summary judgment to her former employer, Carson Tahoe Regional Healthcare (Carson Tahoe), on her claims for retaliatory discharge under the Fair Labor Standards Act (FLSA) and Nevada state law.  We affirm.

1.  The FLSA prohibits an employer from retaliating against an employee based on the employee's complaint of FLSA violations.  29 U.S.C. § 215(a)(3).  For an employee's complaint to be protected, it "must be sufficiently clear and detailed for a reasonable employer to understand it . . . as an assertion of rights protected by the statute and a call for their protection."  *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).  Here, Richard concedes that the FLSA did not require Carson Tahoe to provide her with breaks.  Moreover, there is no evidence that Richard asserted a legal right to take breaks, or that she complained that Carson Tahoe was not compensating her for the break time that she worked.  Because Richard did not assert that any rights protected by the FLSA were being violated, she did not engage in protected activity under the FLSA, and the district court properly granted summary judgment to Carson Tahoe on Richard's FLSA claim.  *See Lambert v. Ackerley*, 180 F.3d 997, 1007 (9th Cir. 1999) (en banc) ("[N]ot all amorphous expressions of discontent related to wages and hours constitute complaints filed within the meaning of § 215(a)(3)."); *cf.*

*Rosenfield v. GlobalTranz Enter., Inc.*, — F.3d —, 2015 WL 8599403, at *5 (9th Cir. Dec. 14, 2015) (reversing a grant of summary judgment for an employer where a former employee complained about specific FLSA violations on more than 30 occasions, because, viewing the evidence in the light most favorable to the former employee, the employee's "superiors actually understood (or reasonably should have understood) that [the employee] was asserting rights protected by the FLSA and was calling for their protection").

    2.  Richard cannot succeed on her Nevada state law claim for tortious discharge, for two reasons.  First, Richard must show that retaliation was the sole proximate cause of her termination.  *Allum v. Valley Bank of Nev.*, 970 P.2d 1062, 1066 (Nev. 1998).  Here, no reasonable jury could find that Richard was not terminated at least in part due to her disciplinary violations, including her false time records.  *See Bailey v. Sw. Gas Co.*, 275 F.3d 1181, 1187 (9th Cir. 2002) (holding that an employee failed to show that retaliation was the sole proximate cause of her termination where the evidence showed she was terminated for failing to cooperate with a legitimate medical investigation).  Second, Richard must show that her termination violated a compelling public policy.  *Wayment v. Holmes*, 912 P.2d 816, 818 (Nev. 1996).  Here, Richard submitted insufficient evidence to show that Carson Tahoe's break policy was either illegal or dangerous to nurses or

patients, so she has not established that her termination violated a compelling public policy. *See Bailey*, 275 F.3d at 1187 (holding that an employee's assertion that fatigue from overtime made employees dangerous drivers did not establish a compelling public policy).

**AFFIRMED**.